DECISION
Jermaine L. Reese stands convicted of aggravated robbery[1] and an accompanying firearm specification.[2] The convictions came after a bench trial and were primarily based on the testimony of Alexander Solomon, the victim and sole witness. We affirm.
Solomon testified that he was alone at a bus stop when two men approached him. One was Reese, whom Solomon knew, and the other was a man whom Solomon only knew as "Mike." Solomon testified that he initially spoke with Reese and gave Reese a Bidi cigar. Solomon stated that while he and Reese were talking, Mike interrupted, asked him what he had in his pockets, pointed a gun at him, and patted his pockets. Solomon explained that while this was going on, Reese was standing near the curb and looking up and down the street. According to Solomon, Reese stated to him, "Bidi's will kill you." Solomon testified that Mike then took a pack of Bidi cigars from him and told him to run away or that he would be shot. Solomon then ran away and reported the crime. Later, according to Reese's arresting police officer, Reese was found hiding in the attic of his mother's house. (Mike apparently was not caught, and this appeal does not involve him.)
In Reese's sole assignment of error, he asserts that his convictions were based on insufficient evidence and against the manifest weight of the evidence. We disagree. It is clear that an aggravated robbery occurred, and we hold that there was evidence to conclude that Reese was an accomplice to the crime.
Accomplices to a crime may be punished as if they were the principal offenders.[3] The complicity statute provides that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense[.]"[4] To aid and abet, one must assist, incite, or encourage a crime. Aiding and abetting may be demonstrated by direct or circumstantial evidence and can be inferred from conduct before and after the offense is committed. It can also be established by overt acts of assistance such as serving as a lookout.[5]
Here, Reese denied that he participated with Mike in the crime. But, based on Solomon's testimony, the court could — and did — conclude beyond a reasonable doubt that Reese was an accomplice. Solomon's testimony that Reese looked up and down the street during the robbery, as well as Solomon's testimony that Mike and Reese initially approached him together, provided a sufficient basis to conclude that Reese acted as a lookout — an aider and abettor. Further, Solomon's testimony that Reese made the rather suspect comment during the robbery that "Bidi's will kill you," and the arresting officer's testimony that Reese was found hiding after the crime, cast doubt on Reese's credibility. We hold that the court did not err in choosing to believe Solomon's version of events, as opposed to Reese's denial of his involvement in the crime.
Regarding the firearm specification, Reese argues that there was insufficient evidence that the gun held by Mike, which was not recovered by the police, was operable. But the Ohio Supreme Court has held that a firearm specification can be proven beyond a reasonable doubt by direct or circumstantial evidence. That evidence may consist of the testimony of lay witnesses who were in a position to observe the instrument and circumstances of the crime. Operability or potential operability may be proven where an individual brandishes a gun and implicitly threatens to discharge it at the time of the offense.[6] Here, Solomon testified that Mike pointed a gun at him while Mike patted his pockets. In light of this testimony, and in light of Solomon's testimony that Mike threatened to shoot him if he did not run away, we hold that there was sufficient evidence that the gun was operable.
Finally, we note that Reese argues that his convictions should be reversed because he was charged with aggravated robbery in terms of the principal offense, not as an accomplice, and because the trial court never actually stated in its findings that Reese was an accomplice. We reject Reese's argument, because the complicity statute provides, "Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."[7] Based on this language, Reese was on notice that evidence could be presented that he was either a principal offender or an aider and abettor. The fact that he was not specifically charged as an accomplice and that the court did not specifically find him to be an accomplice does not affect the validity of his convictions.
The judgment of the trial court is, accordingly, affirmed.
Judgment affirmed.
 ________________________________ PAINTER, Judge.
 HILDEBRANDT, P.J., and WINKLER, J., concur.
[1] R.C. 2911.01(A)(1).
[2] R.C. 2941.145.
[3] See State v. Griffin (Dec. 11, 1998), Hamilton App. No. C-980143, unreported.
[4] R.C. 2923.03(A)(2).
[5] See Griffin, supra.
[6] See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541; see, also, Griffin, supra; R.C. 2923.11(B)(2).
[7] R.C. 2923.03(F).